OPINION
Appellant Jacqueline Lynn Curtis appeals from the August 5, 1999, Judgment Entry of the Guernsey County Court of Common Pleas, Domestic Relations Division, granting appellee Kenneth Curtis' Motion to Modify Visitation.
STATEMENT OF THE FACTS AND CASE, Appellee Kenneth L. Curtis, on November 17, 1993, filed a complaint for divorce against appellant Jacqueline Curtis. On the same date, appellee filed a motion requesting custody of the parties' three minor children: James, date of birth September 2, 1985; Brandon, date of birth June 11, 1987; and Kendra, date of birth June 1, 1989. Pursuant to a Referee Report and Final Decree in Divorce filed on August 25, 1994, and adopted by the trial court on such date, the parties' marriage was terminated and appellant was designated the residential parent and legal custodian of the parties' three minor children. On June 5, 1998, appellee filed a motion for ex parte temporary custody of the parties' minor children. Appellee, in his motion, argued that it was in the best interest of the children to remain with him since appellant had been arrested on May 28, 1998, and had been incarcerated since such time in the Franklin County Jail. Appellee further indicated in his motion that he had had physical custody of the three children since May 29, 1998. Pursuant to an entry filed on June 5, 1998, the trial court granted appellee's ex parte motion for temporary custody and granted parental responsibility of the parties' minor children to appellee. The court also set a further hearing on appellee's motion for June 15, 1998, before a Magistrate. Although appellant received notice of the June 15, 1998, hearing, appellant did not appear at the same. Following the June 15, 1998, hearing, the Magistrate, pursuant to a Magistrate's Decision filed on June 17, 1998, recommended that appellee be designated the residential parent of the parties' minor children finding: "[b]ased upon the testimony and evidence, that it is in the best interest of the minor children to be in the care and custody of their Father . . . and that they have been in their Father's care since May 30, 1998."
An entry adopting the Magistrate's Decision was filed by the trial court on June 17, 1998. After receiving a letter from appellant on or about June 23, 1998, that the court construed as an objection to the Magistrate's June 17, 1998, Decision, the trial court scheduled an evidentiary hearing for July 24, 1998, to determine the best interests of the parties' minor children relating to their custody. The parties were ordered to have the minor children present on July 24, 1998, so that the Magistrate could conduct an in-camera interview of the children prior to the scheduled hearing. Thereafter, the Magistrate, pursuant to a Judgment Entry filed on July 27, 1998, recommended that appellant's objections to the previous Magistrate's Decision of June 17, 1998, be denied and also that visitation rights with the parties' minor children be awarded to appellant in accordance with the court's standard order of visitation. The trial court, pursuant to a Judgment Entry filed on July 27, 1998, denied appellant's objections to the Magistrate's Decision and granted appellant the court's standard order of visitation. Appellant, on May 3, 1999, filed a "Motion of Defendant for an Order Vacating the Court's Entry of June 17, 1998, Designating Plaintiff Residential Parent of the Minor Children of the Parties, or Alternatively, for an Order Modifying this Court's Previous Order by Designating Defendant Residential Parent and Legal Custodian of the Minor Children." An evidentiary hearing was held on appellant's motion on July 1, 1999, before the Magistrate. At the conclusion of the hearing, the Magistrate ordered both parties to submit written closing arguments. Both parties concur that at the July 1, 1999, hearing, it was agreed that the minor children could accompany appellant on a vacation to Disney World in Florida the following day, which was July 2, 1999. The parties' minor children were to return from their vacation with appellant on July 11, 1999, and then be returned to appellee. However, appellant, on July 2, 1999, was arrested on felony embezzlement charges at the airport prior to boarding the plane and was briefly incarcerated. For such reason, the parties' minor children were returned to appellee on such date. On July 13, 1999, appellee filed a motion to modify visitation from unsupervised visitation to supervised visitation in Guernsey County. Appellee, in his motion, stated as follows: "On July 1, 1999, a hearing was held on Defendant's Motion for Change of Custody. Defendant testified under oath that her legal problems were now resolved and that the children should be returned to her. Defendant also presented to Plaintiff, through counsel, evidence of a vacation to Disneyworld, planned by the Defendant, to begin the following day with the children returning on July 11. Parties agreed that the children could go at that time.
The Court was informed the following day and subsequently informed both counsel for the parties that the Defendant had been arrested at the airport, with the children present, prior to leaving for Florida. The trip was then canceled and the children returned to Plaintiff by the ex-stepfather, Bruce Fisher.
Due to Defendant's repeated misrepresentations to the Court, her criminal record and her pending charges, Plaintiff fears that Defendant is a flight risk and that any attempted visitation with the children should be in Guernsey County and supervised."
The trial court, pursuant to an Entry filed on July 14, 1999, stated that appellee's motion to modify visitation "shall come before the Court upon the pleadings before the Court on July 28, 1999, without oral hearing, unless either parties [sic] requests an evidentiary hearing before that date." Thereafter, a response to appellee's motion to modify visitation was filed by appellant on July 27, 1999. Appellant, in her response, stated, in part, that all criminal charges against her had been dismissed at the request of the Franklin County Prosecutor and also requested that appellee's pending motion to modify visitation should be overruled. Appellant, in her response, also noted that although there had been a hearing held on appellant's motion for change of custody on July 1, 1999, no ruling on such motion had yet been issued. Pursuant to a "final appealable order" filed on August 5, 1999, the trial court granted appellee's motion to modify visitation and ordered that appellant's visitation with the parties' minor children be supervised in Guernsey County rather than unsupervised. Four days thereafter, the Magistrate issued a Decision recommending that appellant's motion to modify custody and appellant's motion for an order vacating the court's June 17, 1998, Entry awarding appellee custody be denied. A Judgment Entry adopting the Magistrate's Decision was filed by the trial court on August 9, 1999. Although objections to the Magistrate's August 9, 1999, Decision were filed by appellant on August 23, 1999, appellant, pursuant to a notice of withdrawal filed on September 7, 1999, withdrew her objections to the Magistrate's August 9, 1999, Decision. It is from the August 5, 1999, Entry granting appellee's motion to modify visitation from unsupervised visitation to supervised visitation only in Guernsey County that appellant prosecutes her appeal raising the following assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN MODIFYING APPELLANT'S VISITATION WITH THE MINOR CHILDREN BY ORDERING THAT ALL OF HER VISITATION WITH THE MINOR CHILDREN SHALL BE SUPERVISED IN GUERNSEY COUNTY.
 I
Appellant, in her sole assignment of error, maintains that the trial court abused its discretion in modifying appellant's visitation from unsupervised visitation to supervised visitation in Guernsey County. As is stated above, appellee filed a motion to modify visitation from unsupervised to supervised on July 13, 1999. The trial court, pursuant to an Entry filed on July 14, 1999, held that appellee's motion to modify visitation "shall come before the Court upon the pleadings before the court on July 28, 1999, without oral hearing", unless either party requested an evidentiary hearing before such date. Thereafter, appellant, on July 27, 1999, filed a response to appellee's motion to modify visitation but did not request an evidentiary hearing. Subsequently, the trial court, pursuant to an order filed on August 5, 1999, granted appellee's motion to modify visitation holding as follows: "The Court finds the Plaintiff's Motion to Modify Visitation is well taken and in the best interests of the minor children and, therefore, is hereby GRANTED. The visitations are modified as follows: Visitation with the minor children shall be supervised in Guernsey County." Such entry was stamped "Final Appealable Order." Modification of child visitation is governed by Ohio Revised Code Section 3109.051 which specifically addresses visitation rights. See Braatz v. Braatz (1999), 85 Ohio St.3d 40, paragraph one of the syllabus. Revised Code 3109.051(D) sets forth certain factors that the trial court shall consider in determining whether to grant visitation rights to a parent or in establishing a specific visitation schedule and in determining other visitation matters. Such factors include, but are not limited to, the age of the child, the prior interaction and interrelationships of the child with the child's parents, and the health and safety of the child. Altogether, there are 15 factors that the trial court must consider in determining visitation rights. When a party requests a change in visitation, "the trial court must consider the factors set forth in R.C. 3109.051(D) and then determine visitation that is in the best interest of the child." Braatz, supra, at 45. There is no evidence in the record in this case, however, to suggest the trial court considered the factors set forth in R.C. 3109.051(D) in determining visitation that is in the best interest of the parties' minor children. For such reason, the Judgment of the Guernsey County Court of Common Pleas is reversed, and this matter is remanded so that the trial court can enter its findings of fact and conclusions of law as to its decision to modify visitation from unsupervised visitation to supervised visitation in Guernsey County. As noted in Braatz, supra. these findings and conclusions should take into account the factors set forth in R.C.3109.051(D).
By Edwards, J. Gwin, P.J. and Farmer, J., concurs